**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01906-MSK-NYW

FOUNTAIN VALLEY INVESTMENT PARTNERS, LLC,

    Plaintiff,

v.

CONTINENTAL WESTERN INSURANCE COMPANY,

    Defendant.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff's Motion to File Second Amended Complaint ("Motion to Amend"). [#33, filed May 28, 2015]. Pursuant to the Order Referring Case dated August 1, 2014 [#18] and the memorandum dated May 28, 2015 [#34], this matter was referred to the undersigned Magistrate Judge. After carefully reviewing the Motion and related briefing, the entire case file, the comments made during the July 8, 2015 Motion Hearing, and the applicable case law, I GRANT the Motion to Amend IN PART and respectfully RECOMMEND that the Motion to Amend be DENIED IN PART.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff initiated this action on June 6, 2014 in El Paso County District Court, State of Colorado, to resolve a dispute regarding insurance coverage. Plaintiff filed a First Amended Complaint on July 2, 2014, asserting a claim for Breach of Contract, Unreasonable Delay or Denial of Payment pursuant to Colo. Rev. Stat. §§ 10-3-1104, 10-3-1113, and 10-3-1116, and

Breach of the Common Law Implied Covenant of Good Faith and Fair Dealing. [#7]. The dispute arises from Defendant's alleged failure to fully compensate Plaintiff for hail damage sustained to multiple commercial properties in the Colorado Springs metropolitan area owned by Plaintiff and insured by Defendant. Plaintiff asserts the damage occurred during the storm that passed through the region June 6 and 7, 2012.

Defendant removed this action from state court by notice dated July 8, 2014, and filed an Answer on July 15, 2014. [#1, #12]. This court held a Scheduling Conference on October 22, 2014, and entered a Scheduling Order that required the Parties to designate affirmative and rebuttal experts no later than February 2, 2015 and March 13, 2015, respectively; join other parties and amend pleadings by December 3, 2014; complete discovery by April 22, 2015; and file dispositive motions on or before May 22, 2015. [#22, #23]. In addition, Chief Judge Krieger entered a Trial Preparation Order on October 23, 2014. [#24]. The Trial Preparation Order "sets deadlines, imposes requirements that supplement the Scheduling Order and imposes trial preparation requirements." [*Id.*]

On April 9, 2015, upon joint motion of the Parties, the court extended the deadline for designation of experts up to and including March 31, 2015, and for discovery up to and including May 22, 2015. [#26, #28]. The deadline for dispositive motions, however, was not extended and Plaintiff filed a Motion for Partial Summary Judgment on May 22, 2015. [#32]. Plaintiff did not seek to modify the Scheduling Order to permit additional designations of experts after March 31.

Plaintiff filed the pending Motion to Amend on May 28, 2015, seeking leave to add June 4, 2012 and June 18, 2013 as alternative dates of hail storms that caused the complained of property damage. [#33]. Defendant filed a Response on June 22, 2015. [#40]. Plaintiff filed a

Reply on July 6, 2015. [#46]. This court held a hearing on the Motion to Amend on July 8, 2015, at which I took the Motion under advisement. [#47].

## STANDARD OF REVIEW

Under Tenth Circuit law, courts employ a two-step analysis in determining whether to allow a party to amend the pleadings after the deadline established by the Scheduling Order has passed. First, the court considers whether the moving party demonstrates good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.,* 771 F.3d 1230, 1242 (10th Cir. 2014). Next, the court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch,* 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.,* 3 F.3d

1357, 1365 (10th Cir.1993). Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996).

## ANALYSIS

Plaintiff seeks to supplement its claims of breach of contract and bad faith with allegations that the hail storm occurred on dates other than June 6 or 7, 2012. Plaintiff argues that the amendment is warranted, because for the first time on March 10, 2014, Defendant asserted that the hail damage was not caused by a hail storm that occurred on June 6 or 7, 2012. [#33 at ¶ 1]. Instead, a report showed to John Kregos at the March 10 deposition identified a June 18, 2013 hail storm. [*Id.*] A meteorologist Plaintiff retained in late March 2015 agreed that no hail storm occurred on June 6 or 7, but opined that the affected area was subject to a hail storm on June 4, 2012. [*Id.* at ¶ 3].

There is no dispute that the policy coverage extends to these new dates, and counsel for Defendant agreed on the record at the July 8 Hearing that his client would not be prejudiced by the proposed amendment as to the Breach of Contract Claim. Accordingly, the Motion to Amend is GRANTED as to Plaintiff's First Claim, and Plaintiff will be permitted to assert that Defendant breached its contract with Plaintiff by failing to adequately compensate for hail damages that occurred on June 4, 6 or 7, 2012, or on June 18, 2013. .

Defendant opposes, however, adding the two dates (June 4, 2012 and June 18, 2013) as potential additional dates of loss to Plaintiff's claims for bad faith and breach of the implied covenant of good faith and fair dealing, and argues that Plaintiff is untimely in filing its Motion and did not act diligently in discovering the alternate storm dates. [#40].

This court agrees that Plaintiff's opposed request to amend its bad faith claims is untimely. Plaintiff learned of Defendant's theory that the subject roof was damaged by hail on June 18, 2013 rather than a year earlier, on June 6 or 7, 2012, no later than March 10, 2015. At that time, the expert discovery was ongoing but Plaintiff did not alert the court that this new theory might require a second amendment to the Complaint or additional expert disclosures. While two and a half months in a vacuum might not be considered too significant a delay, in this case, Plaintiff filed its Motion to Amend almost six months after the deadline for amending pleadings, one month after the close of discovery, and one week after filing its Motion for Partial Summary Judgment without any satisfactory explanation as to why it did not seek this amendment more expeditiously. In its First Amended Complaint, Plaintiff avers that "Continental Western has investigated the claims asserted by Fountain Valley and has improperly and wrongfully determined, in its opinion, the roofs in question exhibited preexisting damage or were not subject to hail damage during the June 7, 2012 hailstorm." [#7 at ¶ 10 (emphasis added)]. Once Plaintiff learned on March 10 that Defendant actually believed the hail damage occurred an entire year later, it was incumbent upon Plaintiff to act diligently to seek amendment.

At the July 8 Hearing, Plaintiff's counsel argued that the Parties attempted to mediate the claims following the March 10 depositions, but attempts to resolve the action do not excuse Plaintiff from acting diligently in prosecuting its claims. Counsel did not describe any agreement the Parties had to stay this matter during mediation (and the court did not grant any such stay), how long mediation lasted, or why the Motion to Amend was not filed immediately after Plaintiff's discovery of the June 18, 2013 storm and before engaging in mediation. Indeed, the

5

Second Amended Complaint is only five pages long, and while the court cannot precisely pinpoint the proposed amendments because Plaintiff failed to submit a redlined version as contemplated by D.C.COLO.LCivR 15.1(b), a manual comparison suggests that the proposed amendment are not lengthy. I find that Plaintiff simply has not shown it was unable to meet the amendment of pleadings deadline despite its most diligent efforts.

Because this court finds that Plaintiff fails to satisfy Rule 16(b), it need not undergo a Rule 15(a) analysis. *See Petekeiwicz v. Stembel*, 2015 WL 1740386, at *4 (D. Colo. April 14, 2015) (Moore, J.) ("If good cause is not shown, the Court is not required to consider whether Rule 15(a) excuses that failure") (citing *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.* 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for untimeliness or undue delay.") (further citation and quotation marks omitted)).[1]

---

[1] To the extent that the court considers the Rule 15(a) analysis, I would find that allowing the amendment as to the remaining two claims prejudices Defendant at this late stage. Plaintiff submitted its claim for hail damage to Defendant on May 16, 2013. [#32 at ¶ 2]. No later than May 21, 2013, Defendant's adjuster examined the roof. [*Id.* at ¶ 6]. Plaintiff has built its theories of bad faith on the notion that Continental failed to properly inspect the roof as of May 21, 2013 and then flip-flopped in its assessment as of March 28, 2014 [#40 at 5-6] – but that initial date is almost one month prior to the June 18, 2013 hailstorm, for which Plaintiff did not report any associated loss. [*Id.* at 6]. Allowing Plaintiff to simply add a claim of bad faith arising from a loss on June 18, 2013 would deprive Continental of a defense and challenges to the credibility of Plaintiff's expert that Defendant developed to Plaintiff's long-held theories of bad faith. Finally, and as to Plaintiff's assurances that no additional discovery would be necessary, Plaintiff has already identified an additional expert whom Defendant has not deposed. Taken together, the proposed amendment presents a real risk that the pretrial schedule will be significantly disrupted as the Parties adjust to the amendment.

**CONCLUSION**

For the foregoing reasons, this court GRANTS the Motion to Amend [#33] as to the First Claim for Breach of Contract and respectfully RECOMMENDS that:

(1) The Motion to Amend be DENIED as to the remaining two claims;

(2) Plaintiff be DIRECTED to file a Second Amended Complaint that makes clear that the bad faith claims are limited to Defendant's actions assuming a June 6 or 7 date of loss.[2]

DATED: July 13, 2015　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　s/Nina Y. Wang
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).