IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01906-MSK-NYW

FOUNTAIN VALLEY INVESTMENT PARTNERS, LLC,

    Plaintiff,

v.

CONTINENTAL WESTERN INSURANCE COMPANY,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Continental Western Insurance Company's ("Continental" or "Defendant") Motion to Strike Plaintiff's Belated Expert Disclosure of Daniel Davis ("Motion to Strike"). [#51, filed August 31, 2015]. Pursuant to the Order Referring Case dated August 1, 2014 [#18] and the memorandum dated September 1, 2015 [#52], this matter was referred to the undersigned Magistrate Judge. Having carefully reviewed the Motion and related briefing, the entire case file, and the applicable case law, the court hereby GRANTS the Motion to Strike.

**PROCEDURAL AND FACTUAL BACKGROUND**

    Plaintiff Fountain Valley Investment Partners, LLC ("Fountain Valley" or "Plaintiff") initiated this action on June 6, 2014 in El Paso County District Court, State of Colorado, to resolve a dispute regarding insurance coverage. Plaintiff filed a First Amended Complaint on July 2, 2014, asserting a claim for Breach of Contract, Unreasonable Delay or Denial of Payment

pursuant to Colo. Rev. Stat. §§ 10-3-1104, 10-3-1113, and 10-3-1116, and Breach of the Common Law Implied Covenant of Good Faith and Fair Dealing. [#7]. The dispute arises from Defendant's alleged failure to fully compensate Plaintiff for hail damage sustained to multiple commercial properties in the Colorado Springs metropolitan area owned by Plaintiff and insured by Defendant. Plaintiff asserts the damage occurred during the storm that passed through the region June 6 and 7, 2012.

Defendant removed this action from state court by notice dated July 8, 2014, and filed an Answer on July 15, 2014. [#1, #12]. This court held a Scheduling Conference on October 22, 2014, and entered a Scheduling Order that required the Parties to designate affirmative and rebuttal experts no later than February 2, 2015 and March 13, 2015, respectively; join other parties and amend pleadings by December 3, 2014; complete discovery by April 22, 2015; and file dispositive motions on or before May 22, 2015. [#22, #23]. In addition, Chief Judge Krieger entered a Trial Preparation Order on October 23, 2014. [#24]. The Trial Preparation Order "sets deadlines, imposes requirements that supplement the Scheduling Order and imposes trial preparation requirements," including the deadline for filing Rule 702 motions challenging the admissibility of expert opinions concurrent with the dispositive motions. [*Id.* at 2].

On April 9, 2015, upon joint motion of the Parties, the court extended the deadline for Defendant's designation of experts up to and including March 31, 2015, and for discovery up to and including May 22, 2015. [#26, #28]. The deadline for dispositive motions, however, was not extended and Plaintiff filed a Motion for Partial Summary Judgment on May 22, 2015. [#32]. Therefore, the deadline for filing Rule 702 remained set for May 22, 2015. [#24 at 2].

On May 28, 2015, Plaintiff filed a Motion to Amend the Amended Complaint, seeking leave to add June 4, 2012 and June 18, 2013 as alternative dates of hail storms that caused the complained of property damage. [#33]. On July 13, 2015, this court issued an Order granting the Motion to Amend as to the First Claim for Breach of Contract and a Recommendation that the Motion to Amend be denied as to the two remaining claims. [#48]. Plaintiff filed an Objection to the Recommendation [#49], to which Defendant filed a Response [#50]. The Order and Recommendation, which is pending before Chief Judge Krieger, directed Plaintiff to file a Second Amended Complaint clarifying that the bad faith claims are limited to Defendant's actions assuming a June 6 or 7 date of loss. *Id.*

On August 31, 2015, Continental filed the pending Motion to Strike asking the court to strike the Supplemental Expert Disclosure of Daniel Davis ("Davis Disclosure"), an expert who would offer testimony concerning the cause of roof damage and the cost of repair based on his role in inspecting the job, bidding the job, and supervising the job as an employee of Old World Roofing and Gutter Service ("Old World"). [*See* #51, #54 at 4]. Old World began working on the roof in the spring of 2015 and finished in August 2015. [#54 at 4]. Plaintiff filed a Response on September 19, 2015 [#54] and Defendant filed a Reply on October 8, 2015 [#58]. This court initially set a hearing on the Motion to Strike for October 15, 2015 [#53], which the Parties jointly sought to move to "the week of November 30-December 4, 2015." [#55]. This court vacated the motion hearing instructing that it would be "reset by further court order if necessary." [#57].

## STANDARD OF REVIEW

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). A retained expert must provide a report that contains "(1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; and (5) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The Rule also dictates that parties shall disclose affirmative experts first, and disclose rebuttal witnesses within 30 days after the other party's disclosure (unless otherwise set by the court). Fed. R. Civ. P. 26(a)(2)(D).

Rule 37(c) governs violations of Rule 26(a)(2). Fed. R. Civ. P. 37(c). Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1). The determination as to whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court. *Woodworker's Supply, Inc. v.*

*Principal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  In exercising this discretion, the court's consideration is guided by the following four factors:  (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness.  *Id.*

In seeking to avoid a preclusion sanction, the party responsible for a Rule 26(a) violation bears the burden of showing the failure was substantially justified or harmless.  *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (citation omitted); *see also Contour PAK, Inc. v. Expedice, Inc.*, No. 08–cv–01091–PAB–KMT, 2009 WL 2490138, at *1 (D. Colo. Aug. 14, 2009) ("The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures." ) (citation omitted).

## ANALYSIS

Continental asserts that the endorsement of Mr. Davis is untimely and prejudicial.  Fountain Valley argues that the court should allow the late disclosure because it was generated after new information became available, *i.e.* "the actual costs of removing and replacing the roof."  [#54 at 7].  Plaintiff intends for Mr. Davis to testify to his opinion that "hail damage to the modified bitumen roof has resulted in moisture penetrating the roofing membrane over the intervening years and that an inspection of the roof now indicates a high probability the modified bitumen roof has continued to deteriorate" since the September 3, 2013 work of retained expert Mr. Gibbons and February 19, 2014 work of retained expert Mr. Kregos.  [*Id.*]

First, as Continental notes, new information that was previously unavailable to a party may be disclosed by supplementing an expert report that was timely served.  *See Arrington v. Chavez*, No. 12-CV-00172-LTB-KLM, 2014 WL 1874842, at *2 (D. Colo. May 9, 2014).  In this

5

instance, Plaintiff did not identify Mr. Davis in its initial Rule 26(a)(2) disclosure of expert witnesses served on February 2, 2015. [#51-2]. Accordingly, the *Woodworker's* factors are the more appropriate guide than whether new and additional information became available to Plaintiff.

As to the first factor, there can be no question that the Davis Disclosure creates surprise and prejudice for Continental. Plaintiff served a copy of the Davis Disclosure on July 20, 2015 [#51-1]; thus, it disclosed the expert over five months after the expiration of the deadline to do so [#23 at 10], four months after Defendant's deadline for disclosing rebuttal experts had passed [#28], and approximately two months after discovery closed. In addition, the disclosure was made approximately two months after the deadline expired for filing Rule 702 motions [#23, #24] and almost one month after Plaintiff's Motion for Partial Summary Judgment became ripe. Continental is now foreclosed from deposing Mr. Davis, designating a rebuttal expert as to his testimony, or otherwise challenging the proffered testimony prior to trial. *See Anderson v. Seven Falls Company*, No. 12-cv-01490-RM-CBS, 2013 WL 3771300, at *5 (D. Colo. July 18, 2013) (noting that failure to properly disclose experts may prejudice opposing party "because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony..., retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report.") (citation omitted).

The second and third factors considered in *Woodworker's* may be addressed together. While the Parties concede that the Davis Disclosure would not disrupt trial as a trial date has not yet been set, the prejudice the Davis Disclosure creates is not curable without re-opening expert

discovery and re-setting the deadline for Continental to designate a rebuttal expert. The notion is as unappealing as it is inefficient, considering this court's independent responsibility for case management, *Anderson*, 2013 WL 3771300, at *6, and that the action was removed well over one year ago. Plaintiff counters that no prejudice lies because Mr. Davis will testify that the cost of removing and replacing the roof is less than Defendant's expert has budgeted, and less than the amounts proposed by Plaintiff's two roofing experts who were timely disclosed, and thus the amount of damages Plaintiff seeks will be reduced. *See* [#54 at 9]. Plaintiff further posits that Mr. Davis's testimony will in fact negate the need to have either of those two experts testify, thereby shortening trial. *Id.* These arguments do not address the premise that "in most cases the party with the burden of proof on an issue should disclosure [sic] its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." *Anderson*, 2013 WL 3771300, at *6 (quoting Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26). Designating Mr. Davis to testify at this late date not only runs afoul of this court's endeavors to impose and enforce deadlines, *see Beller ex rel. Beller v. United States,* 221 F.R.D. 689, 693 (D.N.M. 2003), it impermissibly places Defendant in a position of having to play "catch up" when each Party was present at the Scheduling Conference and privy to the deadlines contained in the Scheduling Order. As to Plaintiff's suggestion that Rule 26(a)(2) permits some flexibility in the timing of disclosures, the allowance in Rule 26(a)(2)(D)(i) that "absent a stipulation or court order" experts be disclosed at least 90 days in advance of trial is not compelling in light of this court's order specifying the disclosure date, and, as addressed above, Rule 26(e)(2) is not relevant considering that Mr. Davis was not disclosed prior to the deadline's expiration. Indeed, because Mr. Davis was disclosed two months after

7

Chief Judge Krieger's deadline to file Rule 702 motions, the late disclosure would effectively divest Continental's ability to challenge any opinion pre-trial.

Finally, Fountain Valley asserts that prior to the expert designation deadline it did not possess the financial resources to remove and replace the roof without "adequate advance payment of at least the actual cash value for removal and replacement," and that it "did not know the actual price for removal and replacement nor the identity of any expert who could establish the reasonableness of the actual charges." [#54 at 7]. Fountain Valley does not explain why its inability to finance the roof replacement prevented it from engaging Mr. Davis to conduct an inspection prior to the designation deadline. Indeed, Plaintiff does not argue that Mr. Davis and his services were unavailable prior to February 2, 2015, at which time Plaintiff had retained three other expert witnesses. *See* [#51-2]. The record reflects that Plaintiff first retained an independent adjustor in May 2013 [#32 at 2] and arranged for three other experts to conduct inspections by November and December 2013. [#58-1]. The court infers from this conduct that Plaintiff simply did not find and/or engage Mr. Davis in a timely manner, considering it submitted a claim to Continental in May 2013 [#32 at 2] and initiated this litigation in June 2014; or, Plaintiff made a litigation strategy decision to prioritize other experts. In doing so, the court is not concluding Plaintiff engaged in bad faith or willfulness. However, had Plaintiff sought leave to amend the designation deadline rather than simply designate Mr. Davis, I would have applied the "good cause" analysis pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which would not be satisfied by the facts before me as they relate to Plaintiff's diligence in procuring the services of Mr. Davis. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.,*

771 F.3d 1230, 1242 (10th Cir. 2014) ("standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'").

Because I find that the delay in serving the Davis Disclosure is neither substantially justified nor harmless, IT IS ORDERED that:

1. The Motion to Strike Plaintiff's Belated Expert Disclosure of Daniel Davis [#51] is **GRANTED**; and

2. The Expert Disclosure of Mr. Davis is **STRICKEN** pursuant to Fed. R. Civ. P. 37(c)(1).

DATED: October 22, 2015                                  BY THE COURT:

                                                         s/Nina Y. Wang_____
                                                         United States Magistrate Judge