**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 14-cv-01906-MSK-NYW**

**FOUNTAIN VALLEY INVESTMENT PARTNERS, LLC,**

    **Plaintiff,**

**v.**

**CONTINENTAL WESTERN INSURANCE COMPANY,**

    **Defendant.**

---

**OPINION AND ORDER OVERRULING OBJECTIONS
AND ADOPTING RECOMMENDATION IN PART**

---

**THIS MATTER** is before the Court on the Plaintiff Fountain Valley Investment

Partners, LLC's Motion to File Second Amended Complaint **(#33)**, the Defendant Continental

Western Insurance Company's Response **(#40)**, and the Plaintiff's Reply **(#46)**.  The matter was

referred to a Magistrate Judge, who issued a Report and Recommendation **(#48)** recommending

that the motion be granted in part and denied in part.  The Plaintiff filed timely Objections **(#49)**

to the Recommendation, and the Defendant filed a Response **(#50)**.

Plaintiff initiated this action in the District Court for El Paso County, Colorado.  On July

2, 2014, it filed a First Amended Complaint asserting claims for breach of contract, common law

bad faith, and statutory bad faith under Colo. Rev. Stat. §§ 10-3-1104, 10-3-1113, and 10-3-

1116.  Plaintiff's claims are based on an allegation that the Defendant unreasonably delayed or

denied payment under an insurance policy for hail damage that occurred to Plaintiff's property

on or about June 7, 2012.

The Defendant removed the action to this Court on July 8, 2014.  The Scheduling Order **(#23)** and subsequent amendment **(#28)** required the parties to (1) amend pleadings by December 3, 2014; (2) designate all experts no later than March 31, 2015; (3) complete discovery by May 22, 2015; and (4) file dispositive motions on or before May 22, 2015.

The Plaintiff filed the pending motion to amend on May 28, 2015.  The Plaintiff seeks to amend the complaint to add June 4, 2012, and June 18, 2013, as alternative dates of hail storms that caused the alleged property damage.  The Defendant does not oppose amendment to the breach of contract claim as all dates are subject to contractual coverage, but opposes amendment to the bad faith claims.  The matter was referred to a Magistrate Judge.

After a hearing, the Magistrate Judge issued a Report and Recommendation **(#48)** recommending that the motion be granted in part and denied in part.  The Recommendation determined that the motion should be granted with respect to the breach of contract claim because the Defendant does not oppose amendment to that claim.  With regard to the bad faith claims, however, the Recommendation found that the Plaintiff failed to demonstrate good cause to modify the scheduling order under Fed. R. Civ. P. 16(b) and therefore recommends that the motion to amend those claims be denied.  The Plaintiff filed timely objections to the Recommendation.

The Court reviews the Recommendation *de novo*.  *See* Fed. R. Civ. P. 72(b); *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A two-step analysis is used to determine whether to allow amendment to the pleadings after the passing of the deadline established by the scheduling order.  First, the Court considers whether the moving party has shown good cause under Fed. R. Civ. P. 16(b) to seek modification of the scheduling order.  *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230,

1242 (10th Cir. 2014). Second, the Court weighs whether amendment should be allowed under Fed. R. Civ. P. 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This standard requires the movant to show that "the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D.Colo. 2001)). The burden may be satisfied, for example, when the movant learns new information through discovery or if the underlying law has changed. *Id.* However, Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Colo. Visionary Acad. v. Medronic, Inc.*, 194 F.R.D. 684, 687 (D.Colo. 2000).

The Recommendation found that the latest date on which the Plaintiff reasonably learned of an alternative date of loss was at a deposition on March 10, 2015. The Recommendation further found that the Plaintiff failed to show that thereafter it had been diligent in seeking amendment to the Complaint. The Plaintiff objects to these findings.

The Plaintiff admits that the Defendant produced a report indicating that a hailstorm occurred at the particular location on June 18, 2013 at the deposition taken on March 10, 2015. But, the Plaintiff argues that it did not realize the significance of the report – that the Defendant was changing its theory of defense as to the date of loss. As a consequence, the Plaintiff contends that it did not realize that amendment was necessary until discovery had proceeded further and mediation occurred.

The Court finds the Plaintiff's argument unpersuasive. First, what the Defendant's theory of defense was or when it was adopted is not a relevant inquiry. The question is when the

Plaintiff first learned of new information that it sought to include in its pleadings.  Here, the

lawsuit is premised upon damage caused by a hailstorm.  Thus, the date of the hailstorm that

caused the loss is material both as to a breach of contract and to claims of unreasonable delay or

denial of payment.  The Plaintiff learned that at least one expert believed that the hailstorm that

caused the loss occurred on June 18, 2013 in March 2015 (giving the Plaintiff the benefit of the

doubt, the Court finds that the Plaintiff learned the new information no later than March 31,

2015, the date on which the Plaintiff concedes it received a defense expert report that concluded

the damage most likely occurred on June 18, 2013).

Assuming the Plaintiff first learned the new information on March 31, 2015, the Court

agrees with the Recommendation that the Plaintiff has failed to show that it was diligent in

seeking amendment thereafter.  Because the deadline for amendment had already passed, it was

incumbent upon the Plaintiff to alert the court of its need to amend as soon as possible after

learning the new information.  As noted in the Recommendation, the proposed amendments are

not lengthy and could have been accomplished quickly (the proposed amended complaint is five

pages long and simply inserts new dates of loss in a handful of places).

Instead, the Plaintiff waited until nearly six months after the deadline for amending the

pleadings, a month after the close of discovery, and a week after the dispositive motions deadline

to file its motion to amend.  Plaintiff's explanation is that discovery and settlement negotiations

were ongoing.  That may be so, but no showing has been made as to why conclusion of

discovery and of settlement negotiation was necessary before Plaintiff made a request to amend

the pleadings.  For example, there is no showing of an agreement between the parties to begin

settlement negotiation contingent on no amendment being sought, or an agreement that an

amendment could be sought if settlement negotiations did not prove fruitful.  Without some

specific showing along those lines or otherwise, the Court finds that delay in filing of the motion

to amend until the conclusion of discovery and settlement negotiations was not diligent.

Accordingly, the Court finds that the Plaintiff has failed to show good cause to modify the

scheduling order under Rule 16(b) as to amendment of any claim.  It is therefore unnecessary to

undertake a Rule 15(a) analysis.

Conceptually, there is no basis for distinguishing between the breach of contract claim

and the bad faith claims for purposes of amendment.  The Rule 16(b) analysis turns on a showing

of diligence by the Plaintiff, which has not been satisfied.  However, the Defendant has conceded

that the Plaintiff may amend its breach of contract claim, and on that basis the Magistrate Judge

recommended amendment only of the breach of contract claim.

The Court finds that all claims must be treated the same for purposes of amendment of

the scheduling order and of the pleadings.  To suggest that the hail storm that caused the loss

occurred on one date for purposes of the breach of contract claim and on another date for

purposes of the bad faith claims bears no reasonable relationship to reality.  Although the Court

appreciates that such distinction may reflect courtesy among counsel, or may change the

settlement dynamics in the esoteric litigation world, it does not withstand the weight of the

"search for the truth," which is the function of the trial process.  A jury cannot reasonably be

asked to assume that the date of the loss changes based on different legal theories.

For the forgoing reasons, the Plaintiff's Objections **(#49)** are **OVERRULED**.  The

Recommendation **(#48)** is **ADOPTED IN PART AND REJECTED IN PART**.  The Plaintiff's

Motion to File Second Amended Complaint **(#33)** is **DENIED** in its entirety.

Dated this 3rd day of December, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

6